UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:05-CV-1074-JDT-WTL |
| | ) |
| CYNTHIA A. MCCORD | ) |
| a/k/a CYNTHIA MCCORD | ) |
| a/k/a CINDI MCCORD | ) |
| | ) |
| UNITED FARM FAMILY | ) |
| | ) |
| Defendants. | ) |

## IN PERSONAM JUDGMENT AND DECREE OF FORECLOSURE

Comes now the Plaintiff, by counsel, and it is shown to the satisfaction of the Court that Defendants, Cynthia A. McCord a/k/a Cynthia McCord a/k/a Cyndi McCord and United Farm Family, have been duly served, as more fully appears from the returns of service filed herein;

And it further appearing that more than 20 days have elapsed since service of the complaint, and that the Defendants, Cynthia A. McCord a/k/a Cynthia McCord a/k/a Cyndi McCord and United Farm Family, have failed to appear, plead or otherwise answer;

And it further appearing that an investigation was made for the purpose of ascertaining if the individual named as Borrower-Defendant is in the military service, and that on information received, Plaintiff verily believes that said Borrower-Defendant is not in the military service, and is neither an infant nor incompetent.

The Court now finds that the Defendants, Cynthia A. McCord a/k/a Cynthia McCord a/k/a Cyndi McCord and United Farm Family, are wholly in default, and that the complaint is taken as confessed as true.

The Court further finds:

1. That each and every material allegation of the Plaintiff's complaint is true in substance and in fact, and that the Plaintiff is entitled to the relief therein prayed for;

2. That the individual Borrower-Defendant is not in the military service of the United States;

3. That there is now due the Plaintiff from the Defendant, Cynthia A. McCord a/k/a Cynthia McCord a/k/a Cyndi McCord, upon the note sued on in the Plaintiff's complaint, the principal sum of $55,051.17, plus interest in the amount of $4,778.51, plus interest subsidy in the amount of $18,738.72, accrued through October 3, 2005, with interest thereon at the daily rate of $10.9348, and advanced fees in the sum of $4,561.02, with interest thereon at the daily rate of $0.8977; all of such sums to be without relief from valuation and appraisement laws;

4. That said sums are secured by the mortgage described in the Plaintiff's complaint, and that said mortgage is a first and prior lien upon said real estate to the extent of said sum, and that the Plaintiff is entitled to have its mortgage foreclosed against the property described in Plaintiff's complaint.

IT IS, THEREFORE, ADJUDGED AND DECREED by the Court:

1. That the Plaintiff have and recover **in personam** of the Borrower, Cynthia A. McCord a/k/a Cynthia McCord a/k/a Cyndi McCord, the sum of $64,390.70, with interest thereon at the rate of $11.8325 per day from and after October 4, 2005, up to the date on which this In Personam Judgment and Decree of Foreclosure is entered, plus interest thereafter at the legal rate, according to law, together with the costs of this action and accruing costs, all without relief from valuation and appraisement laws;

      2.      That the Plaintiff have and recover **in rem** of the Borrower, Cynthia A. McCord a/k/a Cynthia McCord a/k/a Cyndi McCord, the interest subsidy in the amount of $18,738.72;

      3.      That the equity of redemption of the Borrower and all persons claiming by, through or under her in and to said mortgaged premises located in Madison County, Indiana, to-wit:

> Lot numbered One Hundred Four (104) in A.E. Harlan's Third Addition to the City of Alexandria, Indiana, the plat of which is recorded in Plat Book 4, Page 112 in the Office of the Recorder of Madison County, Indiana.
>
> Commonly known as:    204 Edgeway Drive
>                                     Alexandria, IN 47334

be and the same is hereby forever barred and foreclosed, and that said real estate and all right, title, interest and claim of the Borrower and of all persons claiming by, through or under her in and to the same, or so much thereof as may be necessary for the purpose, unless the Marshal is notified by Plaintiff that the sale should not go forward, be sold by the United States Marshal for the Southern District of Indiana or the agency, in a commercially reasonable manner, with assistance by the Marshal, if necessary, in accordance with the laws relating to foreclosure of real estate mortgages, without right of redemption, and without relief from valuation and appraisement laws.  The real estate covered by said real estate mortgage may, at the election of the United States Marshal, be sold as a unit or in separate parcels as provided by 28 U.S.C. §§ 2001-2004.  The Marshal, immediately upon consummating the same, shall issue a Marshal's Deed to the purchaser;

      4.      That the United States of America may submit a sealed written bid to the United States Marshal at any time prior to the Marshal's sale.  The Marshal shall unseal and publicly

announce the United States' bid prior to receiving bids from persons present at the Marshal's sale. The public announcement of the United States' written bid shall have the same effect as if a representative of the United States were present and submitted its bid at the Marshal's sale. The United States may pay its bid with any part of the judgment that the United States is awarded in this Judgment and Decree of Foreclosure.

5. That the proceeds arising from said sale be applied as follows:

a. To the payment of all costs and accruing costs herein and including the payment for filing and docketing fees to the Clerk of the United States District Court in accordance with 28 U.S.C. §§ 1914 and 1931;

b. To the payment of $83,129.42 to Plaintiff, plus interest accruing at the rate of $11.8325 per day from and after October 4, 2005, up to the date on which this Judgment and Decree of Foreclosure is entered. Post judgment interest shall accrue at the legal rate pursuant to 28 U.S.C. § 1961(a) and shall be computed daily and compounded annually until paid in full.

c. The overplus, if any, remaining after the payment of the costs and accruing costs and the foregoing judgment, with all interest thereon, shall be paid to the Clerk of this Court for the benefit of the persons lawfully entitled thereto and authorized to receive same.

d. That if the proceeds of the sale are insufficient to satisfy the amount due the Plaintiff consisting of $64,390.70 plus interest accruing at the rate of $11.8325 per day from and after October 4, 2005, that a personal money judgment for the deficiency be entered against the Borrower, Cynthia A. McCord a/k/a Cynthia McCord a/k/a Cyndi McCord, in favor of the United States of America.

6. That the Borrower, Cynthia A. McCord a/k/a Cynthia McCord a/k/a Cyndi McCord, or any other persons residing therein, shall vacate the real estate within five (5) days of the sale.

7. That the United States Marshal, upon consummation of said sale, may place the purchaser of said real estate in immediate possession thereof.

DATED: 10/24/2005

                                           John Daniel Tinder, Judge
                                           United States District Court

Distribution:

Debra G. Richards, Assistant United States Attorney
Office of the United States Attorney
Southern District of Indiana
10 West Market, Suite 2100
Indianapolis, Indiana  46204

Cynthia McCord
c/o Kathryn Clark
509 Welcome Way
Anderson, IN 46013-1166